UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MEKO DEAUNT'E JONES SR,

    Petitioner,

v.

RON HAYNES,

    Respondents.

CASE NO. 3:18-CV-05688-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: December 17, 2018

    The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Meko Deaunt'e Jones Sr. filed his federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 5. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

## BACKGROUND

    On June 27, 2013, Petitioner was convicted of two counts of second-degree assault – domestic violence ("DV"), first-degree kidnapping – DV, first-degree robbery – DV, attempting to elude a pursuing police vehicle, first-degree unlawful possession of a firearm, felony

1  harassment – DV, and tampering with a witness – DV. Dkt. 10, Exhibit 1. Petitioner was
2  sentenced to 408 months in prison. *Id.*

3  Petitioner challenged his conviction on direct appeal. Dkt. 10, Exhibit 2. The Washington
4  Court of Appeals affirmed Petitioner's conviction and remanded for a correction of his second-
5  degree assault sentences. Dkt. 10, Exhibit 5. Petitioner petitioned for review with the
6  Washington Supreme Court, which denied review on September 2, 2015. Dkt. 10, Exhibits 6, 7.

7  Petitioner then filed an application for a state collateral attack, a Personal Restraint
8  Petition ("PRP"), on September 6, 2016. Dkt. 10, Exhibit 8. The Washington Court of Appeals
9  dismissed his PRP on February 9, 2017. Dkt. 10, Exhibit 10. Petitioner requested review from
10 the Washington Supreme Court, which denied review on August 21, 2017. Dkt. 10, Exhibits 11,
11 12.

12 It is unclear when Petitioner filed the Petition at issue here. Under the prison "mailbox
13 rule," a petition is deemed filed for purposes of the statute of limitations for the Antiterrorism
14 and Effective Death Penalty Act ("AEDPA") the moment it is delivered to prison authorities for
15 forwarding to the clerk of the district court. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n.2
16 (9th Cir. 2001). Here, the Petition does not contain the date it was delivered to prison authorities.
17 *See* Dkt. 5, p. 15.

18 Petitioner originally attached the Petition to his Motion for Leave to Proceed *In Forma*
19 *Pauperis* ("IFP Motion"). Dkt. 1. Petitioner signed the IFP Motion on August 4, 2018, and it was
20 filed with the Court on August 20, 2018. *Id.* The Court granted the IFP Motion on October 1,
21 2018, and the Petition was filed on the Court's docket the same day. Dkts. 4, 5. Respondent

argues the Petition was filed after the limitations period expired and, therefore, the Petition is time-barred and should be dismissed with prejudice. Dkt. 9.[1]

**DISCUSSION**

Pursuant to the AEDPA, which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

A direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner filed a direct appeal challenging his conviction. Dkt. 10, Exhibit 2. The Washington State Supreme Court denied review on September 2, 2015. Dkt. 10, Exhibit 7. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, making his direct appeal final on December 1, 2015, the date the time for filing a petition for certiorari expired. *See* U.S. Sup. Ct. Rule 13 (a writ of certiorari must be filed within 90 days after entry of the judgment). The AEDPA limitations period began running on December 1, 2015.

---

[1] After review of the record, the Court concludes an evidentiary hearing is not necessary in this case. *See* 28 U.S.C. §2254(e)(2) (1996).

The AEDPA limitations period ran for 280 days, then, on September 6, 2016 – the date Petitioner filed his first PRP – the limitations period tolled pursuant to 28 U.S.C. § 2244(d)(2). *See* Dkt. 10, Exhibit 8. The statute of limitations, therefore, stopped running from September 6, 2016 until August 21, 2017 – the date on which the resolution of Petitioner's PRP became final. *See Carey v. Saffold*, 536 U.S. 214, 220 (2002) (an application remains "pending" "until the application has achieved final resolution through the State's post-conviction procedures"); *Corjasso v. Ayers*, 278 F.3d 874, 879 (9th Cir. 2002) (finding the statute of limitations remains tolled until the state collateral attack becomes final). When his PRP became final, Petitioner had 85 days (for a total of 1 year) remaining to file his Petition. In other words, Petitioner had until November 14, 2017 to file a timely federal habeas petition. Petitioner did not file the Petition until August 4, 2018, at the earliest, which was approximately 263 days after the limitations period expired.

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 F. App'x 839, 840 (9th Cir. 2005). In his Petition, when asked why the statute of limitations does not bar his Petition, Petitioner stated, "This petition is timely filed within the AEDPA time limitations." Dkt. 5, p. 13. Petitioner fails to demonstrate that any extraordinary circumstance prevented him from filing a timely habeas petition. Accordingly, Petitioner fails to show he is entitled to equitable tolling and the Petition is barred by the statute of limitations.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## CONCLUSION

Petitioner's Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required, and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

2 | December 17, 2018, as noted in the caption.

3 |     Dated this 3rd day of December, 2018.

     *[signature]*
     David W. Christel
     United States Magistrate Judge

REPORT AND RECOMMENDATION - 6